IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2164-FL

| IVORY RONZELL WILLIAMS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| JUSTIN ANDREWS, | ) | |
| Respondent. | ) | |

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court for a preliminary review under 28 U.S.C. § 2243, which provides that the court need not seek a response from the respondent when it is clear on the face of the petition that petitioner is not entitled to relief.

## BACKGROUND

Petitioner pled guilty to possession with intent to distribute cocaine base and possession of a firearm by a convicted felon, and, on January 10, 2007 he was sentenced to a term of 180 months imprisonment. United States v. Williams, No. 3:06CR209, 2014 WL 6712896, at *1 (E.D. Va. Nov. 26, 2014). He did not appeal. Id.

On January 12, 2012, petitioner filed a motion to vacate, correct, or modify his sentence pursuant to 28 U.S.C. § 2255. Id. On November 26, 2014, the sentencing court issued an order denying petitioner's § 2255 motion. Id. at *2. Petitioner's subsequent appeal was dismissed by the Fourth Circuit on April 20, 2015. United States v. Williams, 600 F. App'x 94, 95 (4th Cir. 2015)

On July 27, 2015, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that he no longer qualifies for the Armed Career Criminal sentencing enhancement in light of the Fourth Circuit's decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013).[1] Specifically, petitioner asserts that his prior conviction for breaking and entering no longer qualifies as a predicate offense after the Court's ruling in Davis.

**DISCUSSION**

Although petitioner filed his claim under 28 U.S.C. § 2241, he is in fact attacking the legality of, rather than the execution of, his conviction and sentence. The legality of one's sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." Id. at 1194, n. 5.

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In Jones, the court held that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[1] In Davis, the Fourth Circuit concluded the defendant's consolidated sentence under North Carolina law for separate robberies was a single sentence, precluding application of the career offender guideline. 720 F.3d at 219–20

2

> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255
> because the new rule is not one of constitutional law.

Id.

The conduct of which petitioner was convicted remains criminal. The savings clause does not apply to a prisoner who argues only his innocence of a sentencing factor. See 28 U.S.C. § 2255(h)(1); Farrow v. Revell, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) (§ 2255's savings clause "only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of [a] sentencing factor"). Moreover, several other district courts have rejected § 2241 petitions asserting similar claims as failing to satisfy the savings clause. See, e.g., Sanger v. Andrews, No. 5:15-HC-2186-D (E.D.N.C. Feb. 16, 2016); Kelly v. Flournoy, No. 2:15-CV-58, 2016 WL 113885, at *4 (S.D. Ga. Jan. 8, 2016); Keith v. Hanson, No. 1:15CV1604, 2015 WL 9319146, at *2 (N.D. Ohio Dec. 23, 2015); Young v. Thomas, No. 4:15-CV-03039-RMG, 2015 WL 9273930, at *2 (D.S.C. Dec. 21, 2015); Middleton v. Spaulding, No. 1:15-CV-1441, 2015 WL 9026772, at *2–3 (M.D. Pa. Dec. 16, 2015); Gregory v. Wilson, No. 1:14CV1693 (TSE/MSN), 2015 WL 7571819, at *3–4 (E.D. Va. Nov. 23, 2015).[2] Because petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, he may not proceed on his § 2241 claim.

The court cannot convert this § 2241 petition into a § 2255 petition because petitioner previously filed such a petition. A second or successive § 2255 petition may not be brought prior

---

[2] These cases involved a similar challenge to an Armed Career Criminal sentencing enhancement pursuant to United States v. Johnson, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563. The question of whether Johnson applies retroactively on collateral review is currently before the Supreme Court. Welch v. United States, 136 S. Ct. 790 (2016) (granting certiorari).

to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner does not allege that he has obtained such certification. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. § 2241, and this action is DISMISSED without prejudice.

After reviewing the claims presented in the habeas petition in the light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Accordingly, the court denies a certificate of appealability.

In summary, the court DISMISSES this action without prejudice. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 11th day of April, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

4

Case 5:15-hc-02164-FL   Document 3   Filed 04/11/16   Page 4 of 4